UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

    JULIE BAKER ZALLOUM                                   Case No. 6:13-bk-04030-KSJ

JULIE BAKER ZALLOUM,

        Appellant,

v.                                                                     Case No. 6:17-cv-561-Orl-37

LAURIE K. WEATHERFORD,

        Appellee.

## ORDER

This cause is before the Court on the following matters: (1) Appellant's Verified Response to Order to Show Cause (Doc. 11), filed May 25, 2017; and (2) Appellee's Response to Appellant's Response to Order to Show Cause (Doc. 12), filed May 30, 2017.

Proceeding *pro se*, Appellant Julie Baker Zalloum filed her Notice of Bankruptcy Appeal on **March 30, 2017** (Doc. 1), and the Bankruptcy Record was filed with the Court on **April 17, 2017** and **May 1, 2017**. (Docs. 6, 7.) Accordingly, the deadline for Appellant to file her initial brief was **May 31, 2017**. *See* Fed. R. Bankr. P. 8018(a)(1). On request of the Appellant (Doc. 8 ("**Extension Motion**")), the Court extended that deadline by 15 days—until **June 15, 2017**. (*See* Doc. 10 ("**May Order**").)

In her Extension Motion, Appellant represented that: "**Per Local Rule 3.01(g), Appellant ZALLOUM-J, has made contact with Appellee's office, who indicated no**

-1-

**objection**" ("**Representations**"). (Doc. 8, p. 2.) After Appellee asserted that the Representations were "false" (Doc. 9, p. 1), the Court directed Appellant to provide a written explanation of the basis for the Representations (Doc. 10). In the May Order, the Court warned Appellant that if she did not establish that the Representations were "in fact true," then she must SHOW CAUSE why she should not be sanctioned for litigation misconduct. (*See id*.)

In her Verified Response to the May Order ("**Response**"), Appellant advises that the Representations were based on her assistant's report to her that "the person answering the phone [at the office of Appellee] . . . did not object since they have no record of the case." (Doc. 11.) Appellant contends that she was justified in relying on her assistant's report concerning a call to Appellee's office because it was "impossible to confer with counsel" given that: (1) Appellee's counsel did not file a "notice of appearance" or otherwise notify Appellant of the "attorney or law firm" representing Appellee; and (2) counsel for Appellee did not appear in this action until May 12, 2017, when a response in opposition to the Extension Motion was filed. (*See id*. at 5.) Appellant further suggests that the Representations were truthful because Appellant used the word "contact"—not "[c]onfer." (*See id*.)

Appellee counters that the Response is "disingenuous" and fails to comply with the Court's May Order. (*See* Doc. 12.) According to Appellee, Appellant's reliance on her assistant's report confirms that the Representations lacked veracity. (*See id*.) Further, Appellee asserts that even Appellant's assertions concerning her assistant's purported communication with Appellee's office are untrue because three "highly-trained," full-

time individuals answer Appellee's phones, "and none would have apprised a caller that an extension of a deadline was not objected to without first conferring with" one of Appellee's "two full-time staff attorneys." (*See id.*)

Upon review, the Court agrees with Appellee that Appellant has not established the factual truth of her Representations. (*Compare* Doc. 8, p. 2, *with* Doc. 11.) Local Rule 3.01(g) requires that "the moving party" confer with opposing counsel in good faith before filing motions like the Extension Motion.[1] By her explicit reference to Rule 3.01(g) — "**Per Local Rule 3.01(g)** . . ." — Appellant plainly sought to convey compliance with Local Rule 3.01(g) even though her assistant's purported communication with Appellee's office refutes such compliance. Further, the Representation that *Appellant* contacted Appellee's office is directly contradicted by statements in the Response that an unidentified assistant purportedly made the "contact." The Court also rejects Appellant's argument that use of the word "contact" instead of "confer" rendered the Representation truthful.

Having determined that Appellant engaged in litigation misconduct by making untruthful representations to the Court concerning compliance with Local Rule 3.01(g), the Court must determine what sanctions are appropriate — if any. Bankruptcy Rule of Civil Procedure 8020 provides that this Court may sanction a "party appearing before it" for litigation misconduct after affording the "party reasonable notice, an opportunity to

---

[1] In addition, Local Rule 2.04(h) provides that "litigants should conduct themselves with civility and in a spirt of cooperation in order to reduce unnecessary cost and delay."

show cause to the contrary, and, if requested, a hearing." The May Order provided notice to Appellant and an opportunity to show cause, and Appellant has not requested a hearing. Thus, the prerequisites for imposition of a sanction are satisfied.

Generally, the most appropriate sanction under these circumstances would be to deny the Extension Motion or require Appellant to pay the costs and fees incurred by Appellee as a result of the litigation misconduct. But here: (1) the Court already granted the Extension Motion in part (Doc. 10); and (2) the amount of fees and costs at issue are likely *de minimis* given that Appellee addressed the untruthful Representations in a single sentence of its Response in Opposition to Appellant's Extension Motion. (*See* Doc. 9, at ¶ 1.) For these reasons, and to avoid unwarranted multiplication of these proceedings, the Court declines to impose a sanction at this time. Nonetheless, Appellant is warned that if she engages in further litigation misconduct or otherwise multiplies these proceedings or litigates in bad faith, the Court's finding in this Order that Appellant engaged in litigation misconduct will be taken into consideration in determining an appropriate sanction under Bankruptcy Rule of Civil Procedure 8020, 28 U.S.C. § 1927, or the Court's inherent authority.

**DONE AND ORDERED** in Orlando, Florida, this 13th day of June, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record
Pro Se Party