# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In Re: Julie Baker Zalloum

JULIE BAKER ZALLOUM,

        Appellant,

v.                                                  Case No: 6:17-cv-561-Orl-40

LAURIE K. WEATHERFORD,

        Appellee.
_____/

## ORDER

This cause is before the Court on *pro se* Appellant Julie Zalloum's Motion for Reconsideration of this Court's Order Dismissing Appeal. (Doc. 39). This case involves an appeal of a final order of the Bankruptcy Court dismissing Appellant Julie Zalloum's bankruptcy case. (Docs. 1–2). On February 1, 2018, this Court affirmed the Bankruptcy Court orders that Appellant contested. (Doc. 35). Thereafter, on February 14, 2018, Appellant filed a Notice of Appeal as to this Court's Order dismissing the case. (Doc. 37). Then, on February 16, 2018, Appellant filed a Motion for Reconsideration of the same Order that she had appealed. (Doc. 39). Because the filing of the February 14, 2018, Notice of Appeal divested this Court of jurisdiction, the Motion for Reconsideration is due to be denied.

"Subject to exceptions not relevant here,[1] 'the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests

---

[1] For a list of exceptions to this general rule, see *United States v. Vicaria*, 963 F.2d 1412, 1415 n.2 (11th Cir. 1992) (per curiam).

the district court of its control over the aspects of the case involved in the appeal.'" *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013) (alteration accepted) (quoting *United States v. Tovar–Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995)). After an appeal is filed, district courts are stripped of authority to "take *any* action with regard to the matter except in aid of the appeal." *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986) (per curiam) (quoting *United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir. 1979), *superseded by statute on other grounds*, 18 U.S.C. § 3731). This doctrine avoids the potential waste, confusion, and finality problems created by having two separate courts simultaneously adjudicating the same issues.

When Appellant filed her Notice of Appeal on February 14, 2018, the Court was divested of jurisdiction over the aspects involved in that appeal. That appeal concerns the very Order that Appellant requests the Court to reconsider in her February 16, 2018, motion. The Court thus lacks jurisdiction to rule on the Motion for Reconsideration.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Appellant's Motion for Reconsideration (Doc. 39) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida, on February 22, 2018.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

2